## RONALD BORRELLI ET AL. *v.* H AND H CONTRACTING, INC., ET AL.
### (SC 17917)

Rogers, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued January 4—officially released February 19, 2008

*J. Michael Sulzbach*, for the appellants (plaintiffs).

*Gregory J. Kycia*, with whom, on the brief, was *Gregory M. Harris*, for the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiffs, Ronald Borrelli and Stephanie Borrelli, appeal from the judgment of the Appellate Court affirming the trial court's judgment in favor of the named defendant, H & H Contracting, Inc.,[1]

---

[1] The plaintiffs also named Robert Madore, Sr., as a defendant in their complaint, and the trial court rendered judgment in favor of Madore, finding that "[o]ther than his signature on the permit for the septic system, there was no evidence presented that [Madore] participated in any way in the work performed on the plaintiffs' property or that he had any contractual obligation whatsoever to the plaintiffs." *Borrelli* v. *H & H Contracting, Inc.*, 100 Conn. App. 680, 682 n.1, 919 A.2d 500 (2007). The plaintiffs did not appeal from the trial court's judgment in favor of Madore; id.; and, accordingly, he is not a party to the present certified appeal. All references to the defendant in this opinion, therefore, are to H & H Contracting, Inc.

on the plaintiffs' breach of contract claim and the defendant's counterclaim seeking payment for services rendered under the contract. *Borrelli* v. *H & H Contracting, Inc.*, 100 Conn. App. 680, 681–82, 919 A.2d 500 (2007). We thereafter granted the plaintiffs' petition for certification to appeal limited to the following issue: "Where the defendant contractor admitted by answer and affirmatively alleged by counterclaim that it had contracted to install a septic system to the architect's specifications, could the trial court properly disregard those admissions or was the trial court required to consider the evidence in light of those admissions?" *Borrelli* v. *H & H Contracting, Inc.*, 282 Conn. 925, 926, 926 A.2d 665 (2007). We conclude that we improvidently granted certification and dismiss the appeal.

The opinion of the Appellate Court majority sets forth the following facts and procedural history. "On July 9, 2001, the plaintiffs . . . brought an action against the defendant . . . alleging that in June, 1999, the parties had entered into a construction contract. This contract included a number of projects associated with the construction of a house, including a commitment by the defendant to install a septic system according to plans prepared by their architect, Bascom Magnotta, Inc. (Bascom Magnotta). The defendant admitted this allegation but denied that it had failed to do so. In a counterclaim, the defendant alleged that the plaintiffs had failed to pay $4820 at the stipulated hourly rate for services rendered in accordance with their contract. After a court trial, the court found for the defendant, both on the complaint and the counterclaim, and rendered judgment for the defendant in the amount of $3520. . . .

"The plaintiffs' principal disagreement with the court's judgment in favor of the defendant stems from their dissatisfaction with the statement in the court's memorandum of decision that the sanitarian of Middletown approved the installation of the plaintiffs' septic

system. The plaintiffs construe this statement as a legal ruling by the court that the sanitarian's approval was dispositive of the defendant's compliance with its contract obligation. The court's ruling was improper, according to the plaintiffs, because it disregarded the pleadings filed by the parties. . . .

"In the plaintiffs' complaint, they alleged that the defendant was obligated to install the septic system in accordance with a blueprint prepared by Bascom Magnotta. In the defendant's counterclaim, on which the court based its judgment, the defendant alleged nonpayment of bills presented to the plaintiffs that purported to represent work performed in compliance with the specifications in the blueprint. The plaintiffs rely on this pleading by the defendant as a judicial admission on its part that the court improperly failed to enforce." *Borrelli* v. *H & H Contracting, Inc.*, supra, 100 Conn. App. 682–83. The Appellate Court majority concluded that "a fair reading of the record"; id., 681; revealed that the trial court had not disregarded the defendant's admissions that it was required to comply with the contract specifications, and that the trial court appropriately had determined that the sanitarian's approval of the septic system was evidence of the defendant's compliance with those specifications. Id., 683–87. The Appellate Court majority also concluded that, because the trial court had found that the defendant had established that the septic system conformed to contract specifications, the defendant was entitled to recover on its counterclaim for unpaid bills under the contract. Id., 688.

This certified appeal followed. The plaintiffs claim that the Appellate Court improperly affirmed the trial court's judgment because the trial court never had acknowledged explicitly the defendant's admission that it was required to perform to the contract specifications, and the court instead improperly had focused on

whether the septic system was installed properly. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.